**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BEVERLY J. BRUCK,**

    **Plaintiff,**

    v.

**NATIONAL VETERINARY
ASSOCIATES, INC., et al.,**

    **Defendants.**

**Case No. 2:08-cv-341
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Beverly Bruck's motion to remand (Doc. # 15) and Defendant National Veterinary Associates, Inc.'s memorandum in opposition to remand (Doc. # 18).  For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

### I.  Background

During the relevant time period, Plaintiff was employed by Defendant.  Plaintiff alleges that on February 14, 2007 she was injured in the course of her work.  Plaintiff timely filed a workers' compensation claim in accordance with Ohio Rev. Code § 4123.90.  Plaintiff alleges that Defendant retaliated against her for filing the workers' compensation claim by taking punitive actions against her including terminating her employment.

On March 17, 2008 Plaintiff filed this action in the Common Pleas Court of Franklin County, Ohio.  In the Complaint, Plaintiff alleged workers' compensation retaliatory termination and intentional infliction of emotional distress.  In addition to back pay and attorney fees, Plaintiff sought additional compensatory and punitive damages.

On April 14, 2008 Defendant timely removed this action to this Court based on diversity jurisdiction. *See* 28 U.S.C. 1446(b).

On May 30, 2008 Plaintiff filed her motion to remand (Doc. # 15) and on June 9, 2008 Defendant filed its opposition to Plaintiff's motion (Doc. # 18). Plaintiff did not file a reply in support of her motion.

## II. Standard

Generally, under 28 U.S.C. § 1441(a), a defendant may remove to federal court any case filed in state court, if the case could have been brought in federal court originally. However, this general right to removal is limited by several exceptions. Subsection (c) of 28 U.S.C. § 1445 states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiff here requests that this Court remand her case to state court pursuant to this exception. Thus, the issue before the Court is whether Plaintiff's suit "arises" under Ohio's workers' compensation laws.

## III. Analysis

Defendants argue that Plaintiff's retaliatory discharge cause of action does not arise under Ohio's workers' compensation laws. Further, Defendants contend that even if Plaintiff's claim arises under the Ohio workers' compensation laws, her motion to remand was untimely and thus, this case still should not be remanded.

### A. Ohio's Workers' Compensation Laws

"A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law."

*Harper v. AutoAlliance Int'l. Inc.*, 392 F.3d 195, 203 (6th Cir. 2004).  In the instant action, Plaintiff alleges retaliatory discharge in violation of Ohio's Workers' Compensation Statute, Ohio Rev. Code § 4123.90.

Several cases in the Sixth Circuit have discussed whether a claim of retaliatory discharge found in a workers' compensation law arises under that law in the meaning of section 1441(c). *See Harper v. AutoAlliance Int'l. Inc.*, 392 F.3d 195, 203 (6th Cir. 2004) (addressing Michigan's workers' compensation laws);  *McCormack v. R.R. Donnelley & Sons*, 436 F. Supp.2d 857, 859 (E.D. Ky. 2006) (addressing Kentucky's workers' compensation laws); *Hafner v. Cowan Sys. LLC*, No. 1:04-cv-629, 2005 U.S. Dist. LEXIS 38138 (S.D. Ohio June 16, 2005) (addressing Ohio's workers' compensation laws).  In *Horn v. Kmart Corp.*, Case No. 1:06-cv-493,  2007 U.S. Dist. LEXIS 27929 (S.D. Ohio April 16, 2007), a case directly on point on this issue, Judge Dlott of this District reviewed the cases in this circuit that address this issue and concluded:

> Thus, a claim for retaliatory discharge based on a statute arises under the state's workers' compensation laws if the statute provides both the right and the remedy. A claim for retaliatory discharge also arises under the state's workers' compensation laws if the plaintiff's right to relief is dependent "on resolution of a substantial question of workmen's compensation law."  However, if the statute is merely a codification of a judicially created action and does not provide a remedy, then the action does not arise under the state's workers' compensation laws.

*Id.* at *5-6.

The statute at issue here is the Ohio Rev. Code § 4123.90, which provides in relevant part:

> No employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim . . . under the workers' compensation act . . .  Any such employee may file an action in the common pleas court of the county of such employment in which the relief which may be granted shall be limited to reinstatement with back pay, if the action is based upon discharge, or an award for wages lost if based upon demotion, reassignment, or

3

punitive action taken, offset by earnings subsequent to discharge, demotion, reassignment, or punitive action taken, and payments received pursuant to section 4123.56 and Chapter 4141. of the Revised Code plus reasonable attorney fees. The action shall be forever barred unless filed within one hundred eighty days immediately following the discharge, demotion, reassignment, or punitive action taken, and no action may be instituted or maintained unless the employer has received written notice of a claimed violation of this paragraph within the ninety days immediately following the discharge, demotion, reassignment, or punitive action taken.

The statute makes it unlawful to retaliate against an employee who files a claim under the Ohio workers' compensation scheme. *See Horn*, 2007 U.S. Dist. LEXIS 27929, at *6-7 (concluding same). In addition, the statute limits the available venue for such an action, limits the amount recoverable, and requires notice within ninety days of a violation and institution of the suit within 180 days of a violation. Thus, the Ohio statute provides both a right and a remedy.

Also, the Ohio statute was written before Ohio courts recognized the common law tort of wrongful discharge. The Ohio Supreme Court did not recognize wrongful discharge and it's public policy exception to at-will employment until 1990. *See Greeley v. Miami Valley Maint. Contractors, Inc.*, 49 Ohio St. 3d 228 (Ohio 1990) (recognizing a public policy exception to at-will employment doctrine for discharging an employee based on a child support withholding order).[1] At that time, Section 4123.90 already made it unlawful to retaliate against an employee who files a workers' compensation claim. See 1989 Session Laws and Resolutions, Amended Substitute House Bill Number 222, effective November 3, 1989 (making minor changes to § 4123.90).

Therefore, Plaintiff's claim for retaliatory discharge in violation of Ohio Rev. Code §

---

[1] Overruled in part by *Tulloh v. Goodyear Atomic Corp.*, 62 Ohio St. 3d 541 (Ohio 1992) on other grounds.

4

4123.90 arises under the workers' compensation laws of Ohio. *See Horn*, 2007 U.S. Dist. LEXIS 27929, at *8 (concluding same). The Ohio statute was enacted prior to the Ohio judiciary's recognition of an exception to at-will employment, and the statute defines the remedy, as well as the right. *See id.* Under the first prong of the Harper test, the claim for retaliatory discharge arises under the workers' compensation laws of Ohio because the statute created the cause of action. *See id.* at *8-9.

Consequently, of Plaintiff's two claims, one arises under Ohio's workers' compensation laws and one does not. Again, this is the exact issue that arose in *Horn*, in which Judge Dlott explained:

> The United States Code prohibits actions that arise under a state's workers' compensation laws from being removed to federal court. *See* 28 U.S.C. § 1445(c). Under the Sixth Circuit's *Harper* test, one of [Plaintiff]'s claims arises under Ohio's workers' compensation laws and one does not. Therefore, the question becomes whether any, all, or part of [Plaintiff]'s suit should be remanded to state court. The few district courts that have addressed this question have remanded the entire action. *See, e.g., Allsup v. Liberty Mut. Ins. Co.*, 782 F. Supp. 325, 328, 329 (W.D. Tex. 1991) ("If the entire case was not removable, the entire case was subject to remand"); *Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp.2d 186, 197 (D. Conn. 2005); *see also* Edward Hartnett, A New Trick from an Old and Abused Dog: Section 1441(c) Lives and Now Permits the Remand of Federal Question Cases, 63 Fordham L. Rev. 1099 (1995) (arguing that a district court must remand an entire case that includes a claim outside the court's jurisdiction). In concurrence with those decisions, this Court concludes that the language and purpose of 28 U.S.C. § 1441, and the dictates of economy, efficiency, and fairness weigh in favor of remanding the entire action.

*Id.* at *11-12.

This Court also concludes that because Plaintiff's claim for retaliatory discharge arises under the workers' compensation laws of Ohio, the entire case should be remanded in accordance with the language and policies of 28 U.S.C. § 1441 and the dictates of efficiency, fairness and economy.

**B. Timeliness of Plaintiff's Motion to Remand**

Defendants argue that Plaintiff has failed to timely request remand. 28 U.S.C. § 1447 governs procedure after removal generally. Section 1447(c) states, in relevant part: "A motion to remand the case on the basis of any defect *other than subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." (emphasis added) In this case, it is not disputed that Plaintiff did not file a motion to remand until after the thirty days provided for such a motion under § 1447(c). Therefore, the issue becomes whether Plaintiff's argument based on 28 U.S.C. § 1445(c) is a challenge to the court's subject matter jurisdiction.

Two judges of this District have held that a case that was improperly removed in violation of 28 U.S.C. § 1445(c) deprived the Court of subject matter jurisdiction. In *Horn*, that this Court discussed at length *supra*, Judge Dlott remanded the case removed under 28 U.S.C. § 1445(c) for lack of subject matter jurisdiction even though the case had been removed based upon diversity jurisdiction. *See Horn*, 2007 U.S. Dist. LEXIS 27929, at *16. Also, in *Hafner v. Cowan Sys. LLC*, 2005 U.S. Dist. LEXIS 38138, Judge Weber *sua sponte* dismissed a case removed under 28 U.S.C. § 1445(c) for lack of subject matter jurisdiction even though the case had been removed based upon diversity jurisdiction. This Court agrees with the analyses and conclusions made in these two cases.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. (Doc. # 15.) The Clerk is **DIRECTED** to **REMAND** this action to the Common Pleas Court of Franklin County, Ohio.

**IT IS SO ORDERED.**

*/s/ Gregory L. Frost*
**GREGORY L. FROST
UNITED STATES DISTRICT JUDGE**